IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

KATIUSKA RIBOT,

     Plaintiff,

vs.                          Case No. 15-27650 CA01

CARRFOUR SUPPORTIVE HOUSING, INC.,
a Florida Non-Profit Corporation, and
STEPHANIE BERMAN, individually,

     DEFENDANT.

_____/

## SUMMONS IN A CIVIL CASE

**TO: CROSSROADS MANAGEMENT LLC., through its Registered Agent**

         CARRFOOUR SUPPORTIVE HOUSING, INC.
         1398 SW 1ST STREET
         MIAMI, FL 33135

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

         PETER M. HOOGERWOERD, ESQ.
         REMER & GEORGES-PIERRE, PLLC.
         44 WEST FLAGLER STREET
         SUITE 2200
         MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DEC 1 - 2015

_____     DATE
CLERK

IRMA B. MOORE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

KATIUSKA RIBOT,

     Plaintiff,

vs.

CROSSROADS MANAGEMENT LLC., a Limited
Liability Company, and
CARRFOUR SUPPORTIVE HOUSING, INC.,
a Florida Non-Profit Corporation, and
STEPHANIE BERMAN, individually,

     Defendants.

Case No. 15- 27650 C4 0 1

_____/

## COMPLAINT

     Plaintiff, KATIUSKA RIBOT ("Plaintiff"), by and through the undersigned counsel,

hereby sue Defendants, CARRFOUR SUPPORTIVE HOUSING, INC., and STEPHANIE

BERMAN ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys'

    fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair

    Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.    Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami

    Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a

    covered employee for purposes of the FLSA.

4.    Defendant, CROSSROADS MANAGEMENT LLC, is a Limited Liability Company

    having its main place of business in Miami Dade County, Florida, where Plaintiff worked

for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.     Defendant, CARRFOUR SUPPORTIVE HOUSING, INC., is a Florida Non-Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6.     Defendant, STEPHANIE BERMAN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, CROSSROADS MANAGEMENT LLC., and CARRFOUR SUPPORTIVE HOUSING, INC.

7.     Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8.     Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.    Plaintiff performed work for Defendants as a non-exempt employee from February 2012 to on or about September 30, 2015.

11.    At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

13. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

14. Additionally, throughout Plaintiff's employment, she was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

15. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected to the Defendants' failure to properly pay overtime wages.

16. On or about September 30, 2015, Defendants terminated Plaintiff in retaliation for engaging in the protected activity described above.

## COUNT I
### *Breach of Agreement Against CARRFOUR SUPPORTIVE HOUSING, INC.*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

18. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

19. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against CARRFOUR SUPPORTIVE HOUSING, INC.*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

21. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

22. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

23. Defendant accepted Plaintiff's services to Defendant.

24. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

25. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against CARRFOUR SUPPORTIVE HOUSING, INC.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

27.   Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

28.   Defendant has knowledge of the services performed and provided by Plaintiff.

29.   Defendant voluntarily accepted the services performed and provided by Plaintiff.

30.   Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

31.   Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT IV
*Wage & Hour Federal Statutory Violation Against*
*CROSSROADS MANAGEMENT, LLC.*

32.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

33.   This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which she is employed."

34.   Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35.   At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

38.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

40.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

41.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### Wage & Hour Federal Statutory Violation Against
### CARRFOUR SUPPORTIVE HOUSING, INC.

42.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

43.  This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which she is employed."

44.  Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

45.  At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

46.  Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

47.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

48. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

49. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

50. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

51. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Wage & Hour Federal Statutory Violation Against STEPHANIE BERMAN*

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

53. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, CARRFOUR SUPPORTIVE HOUSING, INC.

54. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

55. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

56. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### *FLSA Retaliation Violation Against CROSSROADS MANAGEMENT, LLC.*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

58. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

59. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

60. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

61. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VIII**
***FLSA Retaliation Violation Against CARRFOUR SUPPORTIVE HOUSING, INC.***

62.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

63.     29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

64.     Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

65.   The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

66.   The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

G.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

H.   Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

I.   Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

J.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

K.   Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

L.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____

                          Respectfully submitted,

                          _____

**Peter M Hoogerwoerd, Esq.**
Florida Bar No.: 0188239
PMH@rgpattorneys.com
**Waynice A. Green, Esq.**
Florida Bar No.: 0116175
WGreen@rgpattormeys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

KATIUSKA RIBOT,

      Plaintiff,

vs.                            Case No.  15-27650 CA 01

CARRFOUR SUPPORTIVE HOUSING, INC.,
a Florida Non-Profit Corporation, and
STEPHANIE BERMAN, individually,

      DEFENDANT.

_____/

## SUMMONS IN A CIVIL CASE

**TO: CARRFOUR SUPPORTIVE HOUSING, INC., through its Registered Agent**

      STEPHANIE, BERMAN
      1398 SW 1ST STREET, 12TH FLOOR
      MIAMI, FL 33135

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      PETER M. HOOGERWOERD, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK IRMA B. MOORE          DATE

_____
(BY) DEPUTY CLERK