UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-24705

KATIUSKA RIBOT,

    Plaintiff,
v.

CROSSROADS MANAGEMENT LLC., a Limited
Liability Company, and CARRFOUR SUPPORTIVE
HOUSING, INC, a Florida Non-Profit Corporation,
COMMUNITY RESOURCE CONNECTIONS, INC.,
A Florida Non-Profit Corporation, and
STEPHANIE BERMAN, individually,
GLADYS ESTRADA, individually,
STEPHEN DANNER, individually,
TERESITA GARCIA, individually,
CAROL FINE, individually
_____/

## JOINT MOTION FOR IN CAMERA REVIEW AND JUDICIAL APPROVAL OF THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT, AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, KATIUSKA RIBOT, and the Defendants CROSSROADS MANAGEMENT LLC. (hereinafter "Crossroads"), CARRFOUR SUPPORTIVE HOUSING, INC. (hereinafter "Carrfour"), COMMUNITY RESOURCE CONNECTIONS, INC. (hereinafter "Community Resource"), STEPHANIE BERMAN (hereinafter "Berman"), GLADYS ESTRADA (hereinafter "Estrada"), STEPHEN DANNER (hereinafter "Danner"), TERESITA GARCIA (hereinafter "Garcia"), and CAROL FINE (hereinafter "Fine") (collectively referred to as "Defendants"), by and through the undersigned counsel, hereby jointly respectfully request that the Court review *in camera* and approve the parties' confidential settlement agreement and dismiss this action with prejudice. In support of this Motion, the parties' state:

1. On or about December 22, 2015, Defendant removed the instant lawsuit to this Court, in which Plaintiff asserted, *inter alia*, a claim for violation of the FLSA against Defendants. [D.E 1].

2. On or about March 31, 2016, a complete agreement was reached in this case between the parties.

3. The Settlement Agreement between Plaintiff and Defendants evidences that they have reached a fair and reasonable resolution of a bona fide dispute.

4. As indicated above, Plaintiff's suit included a claim that she was owed overtime compensation.  In its defense, Defendants, in good faith, argued that it did not violate the FLSA as Plaintiff was compensated for all overtime worked and had released all other claims.

5. Particularly, Defendant claimed, and still maintains, that Plaintiff was properly compensated for all overtime reported.

6. Here, the parties exchanged information and discussed the possibility of settlement.

7. Given the number of issues presented by both parties, and due to the highly complex inquiry that would have to take place, the parties decided to resolve the matter.

8. The parties reached an agreement as reflected in the confidential Settlement Agreement.

9. In sum, Plaintiff and Defendants assert that both Plaintiff and Defendants have made good faith arguments and that they have reached a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

10. As previously stated, the Settlement Agreement contains a confidentiality provision. Accordingly, the Plaintiff and Defendants respectfully request that the Court conduct an

in camera review of the Settlement Agreement, or, in the alternative permit the parties to file the Agreement under seal, to thereafter be destroyed upon approval by the Court.

11. Moreover, the Plaintiff and Defendants respectfully request that the Court approve such Agreement, and dismiss with prejudice all claims and causes of action asserted by Plaintiff arising out of the facts forming the subject matter of the above captioned proceeding, each party to bear his or its own costs and attorney's fees except as provided pursuant to the Agreement.

## APPROVAL OF SETTLEMENT AGREEMENT

This case includes claims for overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). The claim involves numerous contested issues concerning the Plaintiff's claims. Defendants deny and dispute liability. With regard to the FLSA claims, there are bona fide disputes, as described above.

In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, confidential settlement. At all times relevant to this action, the Plaintiff has been represented by counsel, and has had the benefit of her attorney's counsel and advice.

A confidential settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  The parties request an in camera review of the settlement agreement, or, in the alternative, request that the Court permit

the parties to file the Agreement under seal, to thereafter be destroyed upon approval by the Court.

WHEREFORE, the Plaintiff and Defendants hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice. Finally, the Plaintiff and Defendants request that the Court dismiss the action with prejudice and retain jurisdiction to enforce the terms of the settlement agreement.

DATED:  April 14, 2016

    Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401

*/s/Jana M. Leichter, Esq.*
Jana M. Leichter, Esq.
Fla. Bar No.: 803901

Remer & Georges-Pierre, PLLC
Counsel for Plaintiff
44 West Flagler Street, Suite 2200
Miami, FL 33130

*/s/ Peter M. Hoogerwoerd, Esq.*
Peter M. Hoogerwoerd, Esq.
Fl. Bar No.: